PEIRSOLL (ELLIOTT v.). See Case No. 4,-395.

---

## Case No. 10,911.

### PEISCH v. DICKSON.

[1 Mason, 9.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1815.

FACTOR'S LIEN FOR ADVANCES—WAIVER OF PERSONAL SECURITY—LATENT AND PATENT AMBIGUITIES.

1. A factor has, by the general law, the personal security of the owner, as well as a lien on the goods, for his advances; but by contract he may waive the right to a personal responsibility.

[Cited in McKenzie v. Nevius, 22 Me. 47; Martin v. Pope, 6 Ala. 532.]

2. What constitute latent and patent ambiguities, and when parol evidence is admissible to explain them.

[Cited in Bradley v. Washington, A. & G. Steampacket Co., 13 Pet. (38 U. S.) 98, 101.]

[Ganson v. Madigan, 15 Wis. (O. S.) 153, (N. S.) 168; Hill v. Rewee, 11 Metc. (Mass.) 273; Lett v. Horner, 5 Blackf. 297. Cited in brief in Noyes v. Canfield, 27 Vt. 82, 83. Cited in Savage v. Rix, 9 N. H. 270.]

[3. Cited in Currier v. Currier, 2 N. H. 77, to the point that where the obligation designates no place of performance, and when none can

[1] [Reported by William P. Mason, Esq.]

be inferred from facts contained in the obligation, or from other facts, collateral and independent, which may be proved by parol, then the obligee may designate any reasonable place for the performance.]

[4. Cited in Devendorf v. W. Va. Oil Co., 17 W. Va. 153; Early v. Wilkinson, 9 Grat. 74; Ganson v. Madigan, 15 Wis. 158; and in Noyes v. Canfield, 27 Vt. 86,—to the point that if the language of the instrument is applicable to several persons, or to several species of goods, and if the words be general, and have divers meanings, parol evidence is admissible of any extrinsic circumstances tending to show what person or what things were intended.]

[Mertens v. Nottebohms, 4 Grat. 165, 171.]

5. If a consignee of goods agree that for advances made "he will hold for reimbursement on the amount and net proceeds of said goods, which are only considered answerable for said amount advanced," it is a waiver of any personal claim against the owner for reimbursement.

Assumpsit to recover of the defendant, a merchant of Gottenburgh in Sweden, a balance alleged to be due on sundry consignments made to him by the plaintiff. The defendant claimed to be allowed in account the difference, (being 6180 rix dollars,) between a sum advanced by him to the plaintiff's supercargo, upon certain goods shipped by the Dolphin, and the net proceeds of those goods. The plaintiff, on the other hand, contended that the defendant, by the contract made between him and the supercargo, had agreed to look to the goods only for his reimbursement. The instrument relied on to prove this contract bore date on the sixth day of April, 1811, and was signed by the defendant and the supercargo. It described in succession the goods belonging to each shipper, and the terms upon which they were received by Dickson. The following is the clause relating to the plaintiff's goods; viz. "On which goods Mr. R. Dickson has advanced me in iron, window glass, &c., shipped on board ship Dolphin, the sum of R. D. 58,331.36. 4, for which amount he will hold for reimbursement on the amount and net proceeds of the sales of said goods, which are only considered answerable for said amount advanced, as per our agreement; the remainder of the amount and net proceeds he will hold to the order, &c." Upon the construction of this contract a difference of opinion arose at the bar, the plaintiff's counsel contending that it was intended to waive any personal claim on the plaintiff, and to restrict the defendant's security for the repayment of the advance to the goods only; and they relied upon the introduction of the word "only" in the contract, as decisive in their favor. On the other hand, the defendant's counsel contended, that the contract contained no such restriction, and never was intended to waive the right of a personal claim for the advance; and that the words, in which the restriction was supposed to be contained, were meant merely to exempt the goods of the shippers on freight from being included as a security for the advance on the plaintiff's' goods. The plaintiff's counsel then offered parol evidence of the circumstances under which the contract was made, in corroboration of their construction of the contract. The introduction of the evidence was opposed by the defendant's counsel, upon the ground, that this was not a case of latent ambiguity, but the ambiguity, if any, was patent, and that parol evidence was inadmissible to explain it.

Prescott & Gallison, for plaintiff.
Mr. Dexter and J. T. Austin, for defendant.

STORY, Circuit Justice. It is not very easy to reconcile all the decisions upon the subject of latent and patent ambiguities; and, after several efforts, I have found myself unsuccessful in every attempt to accomplish it. Nothing is clearer than the general rule,—latent ambiguities may be removed by parol evidence, for they arise from the proof of facts aliunde; and where the doubt is created by parol evidence, it is reasonable, that it should be removed in the same manner. But patent ambiguities exist in the contract itself; and if the language be too doubtful for any settled construction, by the admission of parol evidence you create, and do not merely construe, the contract. You attempt to do that for the party, which he has not chosen to do for himself; and the law very properly denies such an authority to courts of justice. The difficulty, therefore, lies not in the rule itself, but in applying it to particular cases, where the shades of distinction are very nice. There seems indeed to be an intermediate class of cases, partaking of the nature both of patent and latent ambiguities; and that is, where the words are all sensible, and have a settled meaning, but at the same time consistently admit of two interpretations, according to the subject matter in the contemplation of the parties. In such a case, I should think that parol evidence might be admitted, to show the circumstances, under which the contract was made, and the subject matter to which the parties referred. For instance, the word "freight" has several meanings in common parlance; and if by a written contract a party were to assign his freight in a particular ship, it seems to me, that parol evidence might be admitted of the circumstances, under which the contract was made, to ascertain, whether it referred to goods on board of the ship, or an interest in the earnings of the ship; or in other words, to show in which sense the parties intended to use the term. In the present case, the inclination of my mind is to admit the parol evidence, reserving, however, the right to direct the jury to disregard it, if it shall hereafter appear to me inadmissible or inconclusive; or if, upon farther examination, the language of the contract should appear clear and unambiguous, notwithstanding the attempts to give it a double interpretation. See Birch v. Depeyster, 4 Camp. 385; Clarke v. Russel, 3 Dall. [3 U. S.] 415, 421, note.

STORY, Circuit Justice, after summing up the facts to the jury, expressed himself to the following effect upon the law of the case:

By the general law, a factor has the security of the person, as well as a lien upon the goods of his principal, for all advances made on them. But he may waive his right to resort to the person, and if he does so, by an express agreement, it will be binding upon him. The agreement relied on in the present case is in writing; and the construction of it is a mere question of law for the determination of the court, upon which it is bound to instruct the jury. The agreement, in my judgment, contains an express contract, upon the part of the defendant, to look solely to the goods as security for the advances, and to exonerate the person and other property of the plaintiff from all responsibility for the payment. If this be the bargain between the parties, it is perfectly immaterial, whether it be prudent or discreet, or not. It is sufficient, that it is made; and the jury are bound to return a verdict for the plaintiff for the difference between the advance and the net proceeds of the property, when sold. In respect to interest, none is to be allowed upon the balance of the accounts, unless from the general usage of trade, or the particular course of dealing between the parties, it is satisfactorily proved that interest was, in the understanding of the parties, to be paid.

Verdict for plaintiff, without allowance to defendant for the advance.

NOTE. A bill of exceptions was tendered by the defendant, but afterwards was abandoned. This cause was tried, by consent of parties, by a special jury, as was also an issue in the case of Harvey v. Richards, at this term [Case No. 6,183]. The practice of summoning special juries, appears from the records of our courts, to have been early prevalent in Massachusetts (MSS. records. court of assistants, Suffolk county, March. 1691–2. Andrew Belcher v. James Lloyd.—Appeal from the county court in an action on a charter-party. The appellant desired a special jury of merchants, which was accordingly granted. There are many other like cases), but it has been long disused, and there is now no power in any state court of this state, to proceed otherwise than by a jury returned and selected according to the statute provision, by drawing their names from a box kept for that purpose, by the selectmen of every town.