Shaw C. J.
delivered the opinion of the Court. The statement of facts in this case is extremely brief, nor is much additional light thrown upon it by reference to the accounts. The facts show that before the action was commenced, the defendants had drawn bills upon the plaintiffs which had been accepted and paid. The drawers not having cash in the hands of the drawees, the latter of course paid the amount out of their own funds, and thereupon had a claim upon the defendants as for so much money paid, money lent and advanced, money laid out and expended. The plaintiffs then have a right to bring their action immediately and recover, unless some good defence can be shown. The burden of proof is upon the defendants, to show that the plaintiffs have not an immediate right of action.
It is contended, that under the circumstances of the case, the plaintiffs were bound to wait, until the cotton of the consignors, in the hands of the plaintiffs, had been sold, on a long credit, and the notes given for it had become due, and until it should appear either that the notes had been paid, or that payment could not be obtained
*492 These circumstances were, that at or about the times of the defendants’ drawing their bills on the plaintiffs, they consigned to the latter, parcels of cotton for sale, to an amount estimated to equal or exceed the amount of the drafts. But the pay ment of the drafts by the plaintiffs, and the time of their payment, were not at all dependent upon the sale of the cotton. The consignment of the cotton for sale, upon which the plaintiffs would have a lien, not only for the repayment of the amount of the particular drafts, but for their general balance, no doubt emboldened the consignors to draw more freely upon their correspondents, than they otherwise would, and operated as an inducement to the latter to accept and pay their drafts. But that circumstance has very little tendency to prove that the plaintiffs relied exclusively upon that fund, or had agreed to await their reimbursement until such particular fund was realized or had failed So long as the purchasers of the consigned property remained solvent, and there was an expectation that the notes would be paid at maturity, the possession of the fund, unimpaired, by the consignees, and their lien upon it, would be very likely to induce.the consignees voluntarily to await the convenience of their correspondents for their reimbursement; but it falls far short of proving a binding obligation to do so. The legal relation of the parties then was this. The defendants were indebted to the plaintiffs for money due presently ; they had a lien on the cotton before the sale, and on the notes taken for it, after the sale, as security for the debt due them. And although they took those notes in their own name, it was in trust for the consignors ; the property in the notes remained beneficially in the defendants, and the plaintiffs had only a lien. Denston v. Perkins, 2 Pick. 86 ; Chesterfield Manufacturing Company v. Dehon, 5 Pick. 7, But where a creditor has collateral security for his debt, he is not confined to rest exclusively upon such security for repayment; but notwithstanding the pledge or collateral security, may look to the general credit of his debtor, and have his action, unless there is some agreement or contract, express or implied, to give time or to look to a particular fund. In the present case the burden is upon the defendants, *493 and no such agreement is proved, and no usage, course of dealing or'other circumstances, from which such a contract can be implied.[1]
- Defendants defaulted.

 See Burrill v. Phillips, 1 Gallison, 360; Peisch v. Dixon, 1 Mason, 9; Corlies v. Cummings 6 Cowen, 181.