## HENRY L. HILL *vs.* EBENEZER REWEE.

R. gave to H. a receipt for "one hundred and fifty dollars, in full for contract for fifteen tons of hay, to be delivered to order." *Held,* in the absence of other evidence, that this was an acknowledgment by R. that he had $150 of H.'s money, upon an executory contract for the delivery to him of a given quantity of hay, at a fixed price per ton; and that, upon R.'s delivery of thirteen tons only of the hay, and his refusal to deliver the residue, H. might recover of him, in an action for money had and received, the price of the other two tons, namely, twenty dollars.

In an action by H. against R. for money had and received, H. gave in evidence a due bill, signed by R., of this tenor: "Due H. thirty three hundred and fourteen pounds of hay, at my barn, on demand;" and also gave in evidence, to prove the consideration of said due bill, a receipt, of a previous date, signed by R., in these words: "Received of H. one hundred and fifty dollars, in full for contract for fifteen tons of hay; the hay to be delivered to order, or, if sold, to be accounted for with H.:" H. also gave evidence that he had received part of the hay mentioned in the receipt, and that, when the due bill was given, there was due to him

the quantity of hay therein mentioned, which he had demanded of R., and which R. had refused to deliver. *Held,* that R. might give parol evidence, that before he gave the receipt to H., H. agreed with him for the purchase of more than fifteen tons of hay, at ten dollars per ton, and that when the receipt was given, H. agreed not to require the delivery of more than fifteen tons, if R. would then pay $150; that H. then paid R. that sum, and took the receipt; that H. was to take the hay at R.'s barn, and that R. was to sell the hay, as he might have opportunity; that H. took part of the hay, and R. sold a part of it, and accounted with H. for the proceeds; that when the due bill was given, the quantity of hay therein mentioned remained in R.'s barn, and R. requested H. to take it away; that H. thereupon requested R. to take it, and R. did take it, and gave the due bill therefor. *Held also,* that on proof of these facts, H. could not maintain his action for money had and received.

Assumpsit on the money counts. The following is the report of the trial in the court of common pleas:

" The plaintiff gave in evidence the following note or due bill : 'Due H. L. Hill, or bearer, thirty three hundred and fourteen pounds of hay, at my barn in Tyringham, on demand.   Tyringham, July 16th, 1842.   Ebenezer Rewee.'

" To prove the consideration of the foregoing contract, the plaintiff gave in evidence the paper which follows : ' Received, Hartsville, April 2d, 1842, from H. L. Hill, one hundred and fifty dollars, in full for contract for fifteen tons of hay ; the hay to be delivered to order, or, if sold, to be accounted to said Hill.                              Ebenezer Rewee.'

" The plaintiff also introduced evidence tending to show that he received a part of said fifteen tons of hay ; that there remained due to him, at the time of executing said due bill, 3314 pounds of hay, on the contract, for which said due bill was given; and that he had demanded payment, which the defendant had refused to make.

" The defendant offered to prove that, before the 2d of April 1842, the plaintiff made an oral contract with him, for the purchase of upwards of fifteen tons of hay, at $10 per ton ; and that, on said 2d of April, the defendant engaged that he would not require the plaintiff to take more than fifteen tons, if he would then pay for that amount ; that the plaintiff did then pay $150 for fifteen tons, and the defendant gave a receipt for it, and the plaintiff was to call and get 't at the defendant's barn, and the defendant was also to sell

23 *

the hay for the plaintiff, as he had opportunity; that the plaintiff received some of the hay, and the defendant sold some of it for the plaintiff, and accounted with him for the proceeds; that the plaintiff, on the 16th of July 1842, had not removed all his hay, but that 3314 pounds thereof remained in the defendant's barn; that the defendant called on the plaintiff and requested him to remove it before he should commence getting in his new hay, and the plaintiff then requested the defendant to take the hay so remaining, and the defendant then agreed with the plaintiff to take it, and did take it, and then gave the plaintiff the aforesaid due bill, as the consideration for the hay he so took of the plaintiff, and so remaining in the defendant's barn. And the defendant contended that, on these facts being proved, an action on the money counts could not be supported. But the court rejected the evidence, and ruled, that on proof of a demand of the hay, and a refusal to pay, the plaintiff might recover the value thereof, on the money counts.

"The defendant offered evidence tending to show that he tendered the hay, in payment of the due bill, when demanded; and a question arose, whether if any tender of hay was made, it was hay of such a quality as the plaintiff was entitled to, by virtue of the due bill. And the defendant offered to show that the hay, which he tendered, was of as good a quality as that which he received of the plaintiff, and contended that if it was, then the tender was sufficient. But the court ruled out the evidence, and instructed the jury, that the contract being in writing, the rights of the parties were to be ascertained by a legal construction of the writing; and that if the defendant relied on proof of a tender of hay, in discharge of the contract, it was incumbent on him to prove that the hay, which he tendered, was merchantable."

A verdict was found for the plaintiff; and the defendant alleged exceptions to the foregoing rulings and instructions of the court.

*Byington,* for the defendant.
*Sumner,* for the plaintiff.

This case was decided at September term 1847.

SHAW, C. J. It is to be regretted that a cause, involving so small an amount of property, should have taken a course which will probably subject the parties to a heavy expense in costs. But when a cause comes before this court, upon a bill of exceptions, we must decide according to our view of the law arising upon the case made by the exceptions; and although facts not embraced in them may be stated by counsel, as facts existing and susceptible of proof, yet the court are precluded absolutely from taking them into consideration. To act otherwise, would be to decide a case on the *viva voce* suggestions of counsel, and not on the question presented by the record.

This case first came before the court in 1844, on a bill of exceptions, by which it appeared, that on the trial, the plaintiff began by offering a receipt given by the defendant to the plaintiff, April 2d 1842, acknowledging the receipt of $150, on a contract for fifteen tons of hay, to be delivered to order, or, if sold, to be accounted for to the plaintiff. The plaintiff then offered a paper dated July 16th 1842, to this effect: Due to H. L. Hill, or bearer, 3314 pounds of hay, at my barn in Tyringham, on demand. The plaintiff then offered evidence to prove a demand of the last quantity of hay by the plaintiff, and a refusal by the defendant to deliver it, and insisted that, upon such proof, he was entitled to recover. But the court rejected the evidence, and decided that if given, the action could not be maintained on the money counts. The question was upon the correctness of these decisions.

The view which we took of the case, as then presented, was this: That the receipt of April 2d was manifestly an acknowledgment of the receipt of so much of the plaintiff's money, upon an executory contract to deliver a given quantity of hay at a fixed price. Then the rule is very well fixed, that where money is paid on an executory contract to deliver goods, or transfer stock, or the like, in future, and the contracting party fails to perform, it is in the election of the other party to treat the contract as rescinded, to disaffirm it,

and recover back his money, as money paid upon a consideration which has failed ; or to affirm the contract, and recover damages for the non-performance.    *Dutch* v. *Warren*, 1 Stra. 406, and more accurately stated by Lord Mansfield in 2 Bur. 1010.    If, therefore, the defendant had failed wholly in the performance of his contract to deliver the hay, the plaintiff might disaffirm the contract, and recover back the money advanced, as money paid on a consideration which had failed, and held by the defendant to the plaintiff's use.    And in modern times, it has been held, that where the contract fails in part, if it be a precise and definite part, capable of being ascertained by computation, a corresponding part of the purchase money may be recovered back, although the bargain or contract is in form entire.    *Johnson* v. *Johnson*, 3 Bos. & Pul. 162.    *Parish* v. *Stone*, 14 Pick. 198.    *Miner* v. *Bradley*, 22 Pick. 457.

The contract being for the delivery of a quantity of hay at a fixed price, and all of one quality, the price per ton fixed the price per pound.    If then a part of the hay was delivered, according to the contract, but a precise and definite part remained undelivered, and the defendant, without justification or excuse, refused to deliver the other part on demand, the court were of opinion, that a corresponding portion of the money advanced, capable of being ascertained by computation, might be recovered back.

The court were then called on to consider the effect of the paper, due bill, or memorandum of July 2d.    The word "due," in a memorandum given by one to another, when applied to money, payable at a day certain, or on demand, will be construed to constitute an acknowledgment of debt to the amount, and an implied, if not an express, promise to pay it, in the manner stated.    But the same term, when applied to an article of merchandize, is to some extent equivocal and ambiguous, and its effect may depend upon the existing relations between the parties.    Standing alone, and without other facts proved, it would seem to be an original contract to deliver the articles stipulated ; but not negotiable

although the word "bearer" is inserted, because not for money.  But here, where it was shown, by evidence *aliunde*, that there was a previous, open, executory contract for the delivery of hay, not distinguishable in quality from the hay mentioned in the due bill, we were of. opinion that it would be competent for the defendant to show that the whole fifteen tons, less 3314 pounds, had been delivered, on which it would be reasonable to conclude that the memorandum was a written acknowledgment, that so much of the executory contract remained to be performed.   The fact, that such a previous executory contract was in writing, was accidental; but we think it would have been competent to show, by parol evidence, that such a contract had existed, and had been performed in such part only, in order to give effect to a written paper, expressed in equivocal terms, and that it is within the rule of admitting parol evidence of existing facts and relations, in order to show the true intent of the parties.   *Peisch* v. *Dickson*, 1 Mason, 9.   So it has been held, that where words are used in a peculiar or technical sense, parol evidence is admissible of the sense in which they are used in a particular section of country, or in the trade and business in which they are used, in the contract to be construed.   Such evidence is admissible to give effect to words of doubtful or double meaning; as that, in a particular section of country, where rabbits were raised, a thousand of rabbits shall be understood to be twelve hundred, that is, a hundred dozen.   *Smith* v. *Wilson*, 3 Barn. & Adolph. 728.   But there was the less reason to consider these rules particularly, because here was evidence that such a prior executory contract had existed, and whether it had been executed in whole or in part, was a question of fact for the jury; and therefore the evidence of refusal to deliver the 3314 pounds was admissible ; and if the original contract remained unperformed to that extent, the jury should have been instructed that the memorandum might be regarded, not as a new, original, and independent contract to deliver hay, but as an acknowledgment that the original contract remained unperformed *pro tanto*, and therefore such

refusal to deliver the hay on demand was a refusal to perform the original contract, which might, as to that part, be disaffirmed; in which case, the plaintiff might recover back the consideration *pro tanto.* A new trial therefore was ordered at the bar of the court of common pleas.

The cause now comes before us upon another bill of exceptions, taken at the trial which was ordered in the former case. No amendment was made in the declaration, and it was again tried on the money counts only. It is much to be regretted, that the particular grounds of the former decision were not before the court of common pleas and the counsel at the second trial, as it is now said they were not. When the decisions of one court are revised in another, and the cause is sent back for trial, it is almost impossible to try it intelligibly, unless the particular grounds and reasons of the previous decision are understood.

On the last trial, the plaintiff offered in evidence the same documents as heretofore stated, but in a different order. He first offered the memorandum or due bill of July 16th, apparently as an original and substantive contract for the delivery of the quantity of hay specified, and the previous receipt of 2d April, of $150, as evidence of the consideration for such new contract. If this were the ground upon which he placed his case, although he might thereby establish a good right of action for damages, on showing a breach, yet he could not recover for money had and received, for reasons apparent in the former part of the case. There was no money had and received, no failure of consideration, but simply a breach of the performance of a contract to deliver merchandize. But this is not the ground on which we now decide.

A new element is now introduced into the case, which changes its legal aspect. On the last trial, the defendant offered to prove that there was a verbal promise by the plaintiff to him, prior to April 2d, to take a larger quantity of hay at $10 a ton, but that it was then agreed to fix it at fifteen tons, the plaintiff paying the amount in advance; that the

plaintiff was to call at the defendant's barn, and get it, as he wanted it ; and that the defendant was to sell it for the plaintiff, as he had opportunity, and account for the proceeds. All this, except the prior verbal agreement, which is immaterial, substantially appears in the receipt itself. But the defendant also offered to prove, that the plaintiff received part of the hay, that the defendant sold a part and accounted for the proceeds, and that on July 16th the plaintiff had not removed all his hay, but that 3314 pounds remained in the barn, and the defendant called on the plaintiff to remove it, before he commenced getting in his new hay ; that the plaintiff then proposed to the defendant to take the remaining hay himself ; that the defendant agreed to take it, and did take it, and then gave the note or due bill before stated, for the like quantity of other hay, in consideration for the hay thus taken. On these facts being proved, the defendant contended, that the plaintiff could not maintain the action on the money counts. But the court rejected the evidence, and directed the jury, that upon a demand of the hay and a refusal to pay, the plaintiff had a right to recover the value of the hay, on the money counts, and a verdict was returned for the plaintiff. To these decisions the plaintiff excepts.

For the purposes of this inquiry, we are to consider the evidence, which was offered and rejected, as having the same effect as if the facts which it tended to prove had been proved.

Had these facts been proved, the court are of opinion that the action on the money counts could not have been maintained. The original receipt of $150 would be fully discharged. It would have been shown that that contract had been fully performed. There would then be no room to rescind, no failure of consideration, and no part of that sum recoverable back, as money had and received to the plaintiff's use. As a contract to deliver hay, the plaintiff, on the proof of a breach, would recover damages, but such damages might be for more or less than the price originally given by the plaintiff to the defendant ; it must be the damage actually

sustained by the plaintiff by the breach of the contract, esti-
mated on the usual principles.

If, as the plaintiff avers, the defendant refused, on demand,
to deliver the hay, (of which we give no opinion,) it is quite
certain that he had a good cause of action, either upon the
disaffirmance of the old contract, or, if that was performed,
then upon the new contract given in satisfaction. The case
then shows the propriety and importance, where the evidence
is somewhat complicated, and may, upon a close examination,
bring the case within one or another of the technical rules of
law, which require the *allegata* and the *probata* to correspond,
of inserting such counts in the declaration as his evidence
will support; whether it presents his case in one or another
of the aspects it may assume in the trial. Here the evidence
must have proved one of two promises; either the implied
one to refund money which the defendant had received, and
could not justly retain, or an express one to deliver hay on
demand; and, *quacunque via data,* the plaintiff must have
recovered on one or the other, on proof of a breach.

An exception was taken to the instruction of the court,
that the defendant must prove that the hay he tendered was
merchantable; but on this we give no opinion.

*New trial to be had in this court.*