# Higgin, *et al. v.* Tennessee Coal, Iron & R. R. Company.

## *Ejectment.*

(Decided May 15, 1913.  62 South. 774.)

*Wills; Description; Identification; Evidence.*—Where the will through which both parties claim title, described the land by government subdivision but omitted to give the section number, it was competent to show by parol testimony that the testator owned lands in a certain section corresponding to that described in the will, and owned no other land to which the description in the will could be applied; such a case falls within the intermediate class between strictly patent and latent ambiguities in description, and in such class of cases parol evidence is admissible.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Ejectment by James Higgins and others, against the Tennessee Coal, Iron & Railroad Company. Judgment for defendants and plaintiffs appeal. Affirmed.

JOHN D. STRANGE, and J. B. AIRD, for appellant. No brief reached the Reporter.

PERCY, BENNERS & BURR, for appellee. No brief reached the Reporter.

MAYFIELD, J.—This is an action of ejectment, brought by appellants against appellee, to recover an undivided one-fifth interest in the S. ½ of the S. W. ¼ of section 8, township 17 south, range 4 west, situated in Jefferson county, Ala.

The parties claim through a common source of title, Thomas Higgins. The plaintiffs claim as heirs at law, being grandchildren of said Higgins, while the defendant claims through will of said Thomas Higgins to his

daughter, Elizabeth Adeline Shoemaker, and by a chain of conveyances from her on down to defendant. The lands in dispute were not fully described in the will. In fact, if the description in the will stood alone and was unaided by parol proof, it might be void for uncertainty. The lands are described as "the south half of the southwest quarter of section of township 17, range 4, west, in Montgomery Land Office District, containing 79 and 97/100 acres." Standing alone, this description would apply equally to the S. ½ of the S. W. ¼ of *any one* of the *36 sections* in township 17, range 4. The defect was attempted to be cured by proof that the testator owned, and had entered from the government of the United States, lands corresponding to this description in every respect but made certain by being located in section 8 of the township and range named, and by proof that the testator owned no other lands corresponding to such description, or to which the description given in the will could be applied. If this proof was made, then it seems to us that the description was rendered certain, notwithstanding the written description, standing alone, was uncertain.

The case at bar we think is very much like that of *Chambers v. Ringstaff*, 69 Ala. 140. The contention of the appellant in that case was identical with that of appellant in this case. There, in the description of the land, the section was given but no reference was made to either state, county, or basis meridian, while in this case the land is described as being in the Montgomery Land Office District. Parol proof was allowed in that case to make the description certain; and the fact was shown that the grantor or mortgagor owned the land in question whereas the proof failed to show that she owned any other which would correspond to the description. As was pointed out by Judge Stone in the

*Ringstaff Case,* if the uncertainty of description is a patent ambiguity (that is, one apparent in that it described two or more things or persons), then parol evidence is not admissible to remove the ambiguity; but, if the ambiguity is latent (that is, if the description on its face is certain but is rendered uncertain by proof aliunde), then parol proof is admissible to make the description certain or to remove the ambiguity caused by parol evidence or extrinsic facts. He there shows, however, that there is an intermediate class of cases which partake of the nature of both latent and patent ambiguity (that in other words are from their nature hybrids) and hence are not to be governed strictly by the rules applicable to either latent or patent ambiguity. After defining and stating very clearly the rules as to the two classes, latent and patent, he adds: "There are cases involving principles which are scarcely referable to either of these heads. They may be styled exceptional shadings of patent ambiguity. They arise when on mere inspection there does appear to be an uncertainty or ambiguity. This frequently grows out of a careless use of language and sometimes results from the many shades of meaning usage and provincial habit accord to the same word or expression. Out of this has grown a seeming modification of the old rule as to patent ambiguity, which Mr. Justice Story has characterized as an intermediate class of cases, partaking of the nature both of latent and patent ambiguity. That learned jurist in *Peisch v. Rickson,* 1 Mason, 9 Fed. Cas. No. 10,911, says: 'In such a case I should think parol evidence might be admitted to show the circumstances under which the contract was made and the subject-matter to which the parties referred.'" The result of the reasoning in that case was that the court necessarily held that the case in hand was one belonging to the

intermediate class. The holding in that case was what is in this case and was thus expressed by Judge Stone: "We hold, then, that when it was admitted or found by the jury that Mrs. Knight owned the lands sued for when the mortgage was made, in the absence of other proof that she or her husband owned or claimed other lands falling within the description, it then became the duty of the court to pronounce the mortgage a valid conveyance."

The undisputed evidence was that the testator owned the land in question; in fact, both parties claim through him; and the proof utterly failed to show that he owned any other that would correspond to the description. It therefore follows that the general affirmative charge was properly given for the defendant.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.