# Wilder *v.* Tatum.

### Breach of Covenant.

(Decided January 9, 1917. 73 South. 833.)

1. **Covenants; Warranty; Property Covered.**—A warranty in a conveyance applies only to the property to which the writing evidenced the passing of title.

2. **Evidence; Parol to Vary Writing.**—Where there was no ambiguity on the face of a conveyance of the grantor's "entire telephone plant and system" in describing the property conveyed and warranted to be the property of the grantor, but it was developed by parol evidence that a third party owned a part of the property described, parol evidence was admissible to show that it was not within the contemplation of the parties that the conveyance should carry the title to the property owned by the third party.

3. **Covenants; Breach; Evidence.**—Where it appeared that third parties owned a part of the telephone system conveyed, it was error to allow the grantee to show whether an association had paid such third parties for their telephone line, and who owned the capital stock of said association.

[Wilder v. Tatum.]

4. Same; Damages.—The measure of damages for the breach of warranty in a conveyance of a telephone plant and system was the value of that which was lost at the time of the loss, and if the warranty was breached in the making, the value at that time.

5. Pleading; Issue; Joinder; Demurrer.—Where the issue was properly presented by a joinder of issue on defendant's special pleas, it was not error to sustain demurrer to the special replication.

APPEAL from Cherokee Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by J. B. Wilder against S. C. Tatum for breach of warranty. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

HUGH REID, for appellant. R. F. CONNER, for appellee.

BROWN, J.—The appellant exchanged a telephone plant and system with the appellee for certain real estate, each executing to the other a conveyance with warranty of title to the property conveyed free from incumbrance. It appears without dispute that the title to the real estate conveyed by appellee to appellant was incumbered by certain liens which depreciated its value, and the appellant sued for a breach of the warranty embodied in the conveyance executed by appellee. This breach of warranty is confessed by appellee and the amount of the damages agreed upon, and the only defense interposed to the action is a cross-demand under pleas of recoupment, setting up a breach of the warranty contained in the conveyance from appellant to appellee; the contention of appellee being, as we understand it, that this conveyance undertakes to convey, with warranty of title in the grantor, a complete telephone line from Center, Ala., to Gadsden, Ala., including poles, right of way, and, in fact, everything necessary to the line, and that the appellant had no title to some of the poles and no right of way on that line; that his metallic circuit between Turkey Town and Gadsden was resting upon the poles of Berry and Lawrence; while the contention of appellant is that he did not undertake to convey that part of the line he did not own from Turkey Town to Gadsden, but only conveyed that to which he had title, and at the time the conveyance was executed appellee was fully informed as to the status of his title to that line, and offered parol testimony to sustain this contention, which, on objection of appellee, was rejected by the trial court on the theory that such evidence was not admissible to

alter or vary the writing held by the appellee, and this ruling presents the controlling question in this case. The paper in question is in these words:

"This writing witnesseth: That for and in consideration of the sum of three thousand dollars cash in hand paid by S. C. Tatum to J. D. Wilder, the receipt whereof is hereby acknowledged, I, the said J. D. Wilder, have this day bargained, sold, conveyed, transferred and assigned, set over, and delivered to said S. C. Tatum my entire telephone plant and system in Cherokee and Etowah counties, Ala., including poles, wires, lines, insulators, brackets, switchboards, telephone toll stations, including metallic system from Center to Gadsden, Alabama, known as long distance, and all contract, including contracts for service with Southern Bell Telephone & Telegraph Co., and with Little River Power Company and all other verbal or written, licenses, franchises, right of way, good will, easements and all appurtenances and property of whatsoever description. Possession of which is given to S. C. Tatum immediately, but J. D. Wilder is to have proceeds of same till July 1st, 1912, for which he is to continue to operate same as heretofore without cost to said Tatum to July 1st, 1912. Title to all of which said J. D. Wilder warrants to be in said J. D. Wilder and he binds himself to defend said title, and same is free from incumbrances."

Thus it appears that appellant undertook to transfer his entire telephone plant and system and all appurtenances thereto by a general description which does not catalogue or particularly describe the property conveyed. It is just such a description as makes patrol testimony necessary to definitely identify the property and make certain the description thereof; and, while the description is general and indefinite, it is capable of being made reasonably certain without violating any rule of evidence.— *Cragin v. Knobles & Dickey,* 113 Ala. 310, 21 South. 55; *Smith v. Fields,* 79 Ala. 335; *Ballard v. Mayfield, Pittman & Co.,* 107 Ala. 396, 18 South. 29.

While the description of the property in this writing is general and indefinite, there is no ambiguity patent on its face. The ambiguity, if such it is, is developed by the parol testimony offered by the defendant that Berry and Lawrence owned a telephone system from Turkey Town to Gadsden, and that by arrangement with them appellant had run his system of wires, etc., over some of the poles belonging to Berry and Lawrence, and

had put in other poles himself. The ambiguity thus developed was capable of being removed by the same character of evidence showing that it was not within the contemplation of the parties that the conveyance should carry the title to the property owned by Berry and Lawrence.—*Higgin v. Tenn. C., I. & R. R. Co.,* 183 Ala. 639, 62 South. 774; *Reynolds v. Lawrence,* 147 Ala. 216, 40 South. 576, 119 Am. St. Rep. 78; *Chambers v. Ringstaff,* 69 Ala. 140; *Greene v. Dickson,* 119 Ala. 346, 24 South. 422, 72 Am. St. Rep. 920.

(1) It is needless to add that the warranty alleged to have been breached only applied to the property to which the writing evidenced the passing of title.

(2) What we have said shows that the learned court fell into error in rejecting the evidence offered by appellant tending to remove the ambiguity in the description of the property transferred by the conveyance in question developed by the parol testimony offered by appellee for the purpose of showing a breach of the warranty.

(3) It was also error to allow the defendant to show what the Fair Association paid Berry and Lawrence for their telephone line, and who owned the capital stock of said corporation.

(4) If there was a breach of warranty, the measure of damages was the value of that which was lost at the time of its loss. —*Kingsberry v. Milner,* 69 Ala. 502; *Copeland v. McAdory,* 100 Ala. 560, 13 South. 545. If the warranty was breached in the making, then the value at that time.

(5) The issue was properly presented by the joinder of issue on the defendant's pleas, and it was not error for the court to sustain the demurrers to the plaintiff's special replication.

For the error pointed out, the judgment of the circuit court is reversed.

Reversed and remanded.