150 So. 705

### STEVERSON v. GASSENHEIMER.

### 3 Div. 734.

Court of Appeals of Alabama.
Sept. 12, 1933.

Rehearing Denied Oct. 3, 1933.

J. Q. Smith, of Birmingham, for appellant.

Rushton, Crenshaw & Rushton, of Montgomery, for appellee.

BRICKEN, Presiding Judge.

This action was for breach of warranty, brought by appellant against appellee as evidenced by the complaint appearing in the record. The complaint consisted of counts 1, 2, and 3, to which appellee interposed the plea of general issue. In considering this case on appeal, count 1 may be disregarded as no points of decision as to said count are pre-

sented; nor was there any evidence to sustain this count.

The cause was tried by the court without a jury and judgment rendered for plaintiff (appellant). Insisting that the measure of damages was improperly and erroneously ascertained by the court, plaintiff appealed from the judgment rendered in his favor.

This is the only issue involved upon this appeal, and the respective insistences are based upon this point only.

Appellant insists under count 2 of the complaint, and the undisputed evidence, the damages should have been the amount of the purchase price of the property with interest from date of the deed. He also insists that under count 3, wherein he sought to recover on a broken covenant of seizin, he was entitled to recover like damages.

Appellee insists, and the court below so held, that there could be no recovery under count 3 under the evidence, and that upon the whole case plaintiff was entitled to recover only under count 2 of the complaint, and that such recovery of damages be limited to the amount necessary to pay and remove the incumbrance complained of which in this case consisted of unpaid taxes in the sum of $3.99, with interest thereon.

After due consideration we are of the opinion that no error prevailed in the rendition of the judgment complained of. The controlling point of decision here has been decided by this court, in line with the foregoing, in the case of Wilder v. Tatum, 15 Ala. App. 474, 73 So. 833, 834, in which case the suit was for breach of warranty in the conveyance of a telephone system, "free from encumbrance," wherein the court held: "If there was a breach of warranty, the measure of damages was the value of that which was lost at the time of its loss. * * * If the warranty was breached in the making, then the value at that time." See, also, the case of Copeland v. McAdory, 100 Ala. 553, 13 So. 545, by Chief Justice Stone, a direct authority to sustain the action of the lower court, made the basis of the assignments of error here.

No error appearing in the matters complained of, the judgment appealed from will stand affirmed.

Affirmed.