29 So.2d 128

**HOWELL et al. v. BENNETT.**

**5 Div. 416.**

Supreme Court of Alabama.

Feb. 6, 1947.

B. T. Phillips, of Opelika, for appellants.

No attorney marked for appellees.

STAKELY, Justice.

This is a proceeding in equity to sell lands for division because they cannot be equitably partitioned among the joint owners or tenants in common. The problem in the case is to determine and identify the lands subject to sale.

Asa C. Bennett at the time of his death owned certain lands in Lee County, Alabama, in Section 11, T. 20, R. 28. His will contained the following provision. "A.

After the death of my wife, Martha Ann Bennett, I give and bequeath to my son, Henry H. Bennett, and devise to him, in consideration of his care and kindness to me, fifty eight (58) acres of land, including the tract, on which is situated, the dwelling house, in which my wife and myself reside at the time of making this will, said real estate, being located in the Western half of Section Eleven (11) Township Twenty (20) Range Twenty eight (28), bounded on the north by lands of Asa C. Bennett, east by Arthur C. Bennett, and J. O. Lamb, south by William Sharman and west by William Sharman and J. C. Pitts, situated, lying and being in Lee County, Alabama, * * *."

The rest of his property he gave to his other children naming them in the will. We think it can be conceded that the purpose of the present bill is to sell for division among the children of Asa C. Bennett and their respective heirs' where children are deceased, the lands owned by Asa C. Bennett at the time of his death, exclusive of the lands left by the will to H. H. Bennett. The controversy in the case is whether a certain three acres is included in the lands willed to H. H. Bennett or is embraced in the lands left the other children.

On November 2, 1945, the court rendered a decree ordering 60 acres of land sold in accordance with the following descriptions:

"57 acres of land in the west half of Section 11 Township 20 Range 28, and bounded on the North by Chambers and Lee County line, on the East by lands of Ben Brown and Dimp Newby, on the South by land of H. H. Bennett and on the West by land of J. C. Pitts

"Also three acres of land in the southeast quarter of Section 11, Township 20, Range 28, and described as follows: Commence at the northwest corner of said quarter section and run South fifty three rods, then East nine rods, then North fifty three rods, then West nine rods to the starting point; * * *."

The foregoing description was in accordance with the description of the lands contained in the bill of complaint, as

amended, on which the cause was submitted for decree.

On November 11, 1945, evidently concluding that a mistake had been made in ordering for sale the three acres described in the second paragraph in the aforesaid description, the court ex mero motu on testimony given ex parte by H. H. Bennett amended the decree so as to order a sale of 57 acres by changing the figure 60 to 57 in the decree and by striking from both decree and bill as amended the aforesaid second paragraph in the description of the lands.

We can well understand that the court was trying to expedite the proceedings and the court certainly had the power ex mero motu to set aside or correct the decree, since the decree was still within the power and control of the court. Schaeffer v. Walker, 241 Ala. 530, 3 So.2d 405. But the parties adversely interested were entitled to notice of the hearing at which H. H. Bennett testified on November 11, 1945, so that they might have the privilege of cross-examination or of offering testimony in rebuttal thereof.

It is true that the lands devised to H. H. Bennett were described as being in the "Western half of section 11" and the three acres in question appear to lie "in the southeast quarter of section 11", but, while important, this is not necessarily conclusive. It may be that these three acres are necessary to complete the 58 acres left to H. H. Bennett, so as to give him the tract of land on which is situated the dwelling house in which Asa C. Bennett and his wife were residing when the will was executed. According to the testimony of H. H. Bennett the three acres adjoined the house in which his father and mother resided and were necessary to complete the 58 acres which his father intended to leave to him. Higgin et al. v. Tennessee Coal, Iron & R. Co., 183 Ala. 639, 62 So. 774; 69 C.J. p. 162; 69 C.J. p. 362; Wiley v. Murphree, 228 Ala. 64, 151 So. 869.

The court can determine the question after further hearing on notice to the parties and will consider the bill, as amended, as including the aforesaid paragraph describing three acres of land which was stricken from the bill.

Reversed and remanded.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.