84 So.2d 666

**Hettie E. RISH**

v.

**James L. CREEL.**

**4 Div. 861.**

Supreme Court of Alabama.

Dec. 22, 1955.

Rehearing Denied Jan. 19, 1956.

John W. Rish, Dothan, for appellant.

Halstead & Whiddon, Headland, for appellee.

## PER CURIAM.

The question involved in this case is the proper interpretation of a will. From a final decree unfavorable to complainant, she has appealed.

The facts necessary to a decision of the controversy are as follows: George L. Wright executed a will on February 15, 1934. He died on February 21, 1934. His wife Phoeby A. Wright died January 15, 1935. George L. Wright had three children, Cassie Fillingim, Hettie Rish (complainant), and Sarah Creel. All of them were living at the time of the death of testator and at the time of the death of his wife Phoeby A. Wright. The daughter Sarah Creel died on April 26, 1951 after the death of her mother Phoeby A. Wright and left no children or their descendents. Her two sisters were the only next of kin. She left surviving a husband, James Creel the respondent in this cause. He claims as the holder of the title to one hundred and eighty acres of land, after the death of his wife, under the terms of the will of George L. Wright.

The second paragraph of the will devised all of testator's land, consisting of four hundred and eighty acres, to his wife for life, as well as the personal property with the right to use and dispose of the personal property during her lifetime.

The third paragraph of the will is the one on which James Creel bases his claim to the one hundred and eighty acres of land devised to his wife Sarah after the death of Phoeby A. Wright, testator's wife. The devise to Sarah was by paragraph six of the will. Paragraphs three and six of the will are as follows:

"Third: After the death of my wife, Phoeby Annie Wright, all personal property left after the settlement of, and payment of all costs of her last sickness and funeral expenses, shall be divided equally between my three daughters. And should either of my three daughters be dead at the time of the death of my said wife, then the part of the personal property left by my wife at the time of her death is to become the property of the heirs of

the body of my daughters so dying before the death of my said wife equally. And in case either of my daughters should die and leave no heirs of her body, then her husband is to become the owner of the personal property and real estate so left. * * *

"Sixth: To my baby child Sarah Tabitha Creel, I give and bequeath to her, her heirs and assigns forever my homesite, known as the George L. Wright homestead and described as follows: the NW ¼ of NE ¼, NE ¼ of NW ¼ and E ½ of NW ¼ of NW ¼, section 6, Township 7, Range 27, also NE ¼ of NW ¼ and NW ¼ of NE ¼ of section 6, Township 7, Range 27, all in Henry County, State of Alabama, making a total of 180 acres more or less."

By paragraph four of the will testator devised to his daughter Cassie Fillingim one hundred and sixty acres described by government numbers, declared to be effective after the death of his wife Phoeby A. Wright.

By paragraph five of the will testator devised to his daughter Hettie Rish (complainant) one hundred acres described by government numbers. He also gave direction as to the remaining eighty acres of swamp land, not here material.

The specific question presented on this appeal is whether James Creel took the fee to the one hundred and eighty acres of land devised to his wife, effective at her death which occurred after the death of the life tenant, Phoeby A. Wright. Specifically, he claims by virtue of the following language in paragraph three of the will: "And in case either of my daughters should die and leave no heirs of her body, then her husband is to become the owner of the personal property and real estate left". The sentence immediately preceding that is in effect that if either of his three children be dead at the time of the death of his (testator's) wife, her share of the personal property left at that time is to become the property of the heirs of her body. The next sentence joins the personal property with the real. Paragraph four of the will shows that the remainder, there specified, in the real estate is vested at the time of the death of the life tenant.

The trouble experienced by this Court heretofore in the interpretation of wills to determine when a remainder becomes vested has usually been in a controversy as to whether the title vested at the death of the testator or that of the life tenant, and the question arose when the remainder designate died after the testator and before the death of the life tenant. Springer v. Vickers, 259 Ala. 465, 66 So.2d 740; Allen v. Maxwell, 249 Ala. 655, 32 So.2d 699; McCurdy v. Garrett, 246 Ala. 128, 19 So.2d 449; George v. Widemire, 242 Ala. 579, 7 So.2d 269; Pearce v. Pearce, 199 Ala. 491, 74 So. 952; Duncan v. De Yampert, 182 Ala. 528, 62 So. 673. This last named case is a leading authority and is controlling here though the circumstances are not identical.

We have not experienced any difficulty in the interpretation of a will where the remainderman died after the life tenant and there was no devise over in such event. Paragraph six of the will devised the land to Sarah Creel, her heirs and assigns forever (not for life or any other term). But by paragraph three her interest was in remainder and conditioned upon her outliving the life tenant, which she did.

The cases cited above refer to the principle that a remainder is presumed to vest at the earliest possible date, consistent with the terms used in creating it. And unless it otherwise clearly appears, title will be held to vest at the death of the testator. We think it clearly appears that here the title was not intended to vest at the time of the death of George L. Wright, the instant testator. Presumably, the remainder will then vest at the death of the life tenant, in the absence of clear manifestation to the contrary. We think there is nothing to overcome that presumption, but it clearly appears that such was the intention of the testator.

An error is shown to have occurred in the will in naming the government numbers to some of the land included in the devise to Sarah Creel. The NW ¼ of NE ¼, NE ¼ of NW ¼ and E ½ of NW ¼ of NW ¼ (one hundred acres) are described as being in section 6, Township 7, Range 27; whereas it should be described as being in section 5. The NW ¼ of NE ¼ and NE ¼ of NW ¼ are described twice in paragraph six of the will as being in section 6. One of such descriptions should read section 5: all of which is declared to be known as the George L. Wright homestead. This error was apparent on the face of the will and it is not contested; and all the parties have so treated it. James Creel and his wife have had possession of the land which was known as the George L. Wright homestead since the death of Phoeby A. Wright.

We think a proper solution of this ambiguity is that the one hundred acre tract described above is in section 5, not section 6 as there stated. Higgin v. Tennessee Coal, Iron & R. Co., 183 Ala. 639, 62 So. 774; Wiley v. Murphree, 228 Ala. 64, 151 So. 869; Howell v. Bennett, 248 Ala. 648, 29 So.2d 128.

The further effect of our views is that James Creel inherited from his wife an estate for his life in the one hundred and eighty acres of land known as the George L. Wright homestead, properly described by government numbers as follows: NW ¼ of NE ¼, NE ¼ of NW ¼ and E ½ of NW ¼ of NW ¼, section 5, Township 7, Range 27, also NE ¼ of NW ¼ and NW ¼ of NE ¼ of section 6, Township 7, Range 27, all in Henry County, Alabama; and that the fee simple title is in complainant and Cassie Fillingim, subject to the life estate of James Creel.

The decree of the trial court should be reversed and one here rendered making declaration as above indicated.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed and rendered.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.