122 So.2d 393

**Alma D. STAPPAS**

v.

**Theodore D. STAPPAS et al.**

**6 Div. 475.**

Supreme Court of Alabama.

June 2, 1960.

Rehearing Denied Aug. 18, 1960.

Maurice F. Bishop and Donald L. Morris, Birmingham, for appellant.

Jerry O. Lorant, Birmingham, for appellees.

MERRILL, Justice.

Appellant, the widow of George D. Stappas, filed a bill in equity, seeking the construction of the will of her deceased husband under Tit. 7, § 157, of the Declaratory Judgment Act. Appellees, the two brothers and a sister of the testator who live in Greece, are the respondents. From a decree adverse to complainant, the appeal comes to this court.

Item One of the will provided for the payment of debts. Item Two made a bequest of $5,000 each to his brothers, Theodore and Nikolas Stappas, and Item Three contained a bequest to his sister, Helene Anastasakis, of $3,000.

Item Four is the provision which requires construction. It reads (The words italicized gave rise to the controversy):

"All the rest and residue of my property of whatsoever nature and kind and whether real, personal or mixed, I do hereby give, devise and bequeath as follows:

"To my wife, Alma Stappas, provided, however, that that parcel of real estate *at 416 North 26th Street in the City of Birmingham, Jefferson County, Alabama, and comprising a part of Jeb's Seafood House and a part of the Reliance Hotel,* to my wife, Alma Stappas, for the term of her natural life only, all the rest and residue of my said real estate to her absolutely, In the event my wife should predecease me, then all of the rest and residue of my said property to go to my said brothers and sister hereinabove named,

share and share alike, and if either of such brothers or sister above named predeceases me, then the share or portion to which he or she would be entitled is to go to his or her lineal decendants, share and share alike. In any event, if either of my said brothers or sister above named predeceases me without leaving lineal decendants, then his or her share to go to the survivor or survivors.

"If possible, I request my wife not to dispose of any real property, as it is my wish and hope that the income therefrom shall provide for her support and maintenance during the remainder of her natural life."

The testator owned a half interest in a lot running seventy feet along 26th Street and fifty feet along 5th Avenue North. A three-story building was on this lot, and the second and third floors were used as part of the Reliance Hotel. The ground floor was separated by partitions. At the corner was a drug store, 430 North 26th Street; the next entrance was the Reliance Hotel lobby, 420 North 26th Street; the next entrance served the restaurant, 418 North 26th Street, and these were the only addresses to real property in the block in which testator owned an interest.

The next address south of this property was 416 North 26th Street, the one stated in the will. But the testator did not own this property. It was owned by G. J. Jebeles and had been leased to Jeb's Seafood House, Inc., the capital stock of which was owned by the testator and a partner. Jeb's Seafood House occupied both 418, owned in part by the testator, and 416 North 26th Street, which he did not own.

The trial court found that a latent ambiguity was created in the description, that the testator intended to dispose of all of his property by means of the will, that parol evidence was properly received to remove the latent ambiguity, and having received such testimony, it was ordered that the widow, appellant, held a life estate in the

undivided one-half interest in the corner lot, seventy feet by fifty feet, and that the "reversionary or remainderman's interest" went to the two brothers and the sister of the testator.

The general question posed in this cause is whether extrinsic evidence is admissible to aid in the construction or interpretation of a will when the property is misdescribed or the testator did not own all the property specifically described. For an extensive article on "Parol Evidence for the Construction of Deeds and Wills in Alabama," by Honorable John Edward Thornton, see Alabama Law Review, Vol. 12, No. 1, Fall 1959.

Appellant contends that the premises, "416 North 26th Street, in the City of Birmingham, Jefferson County, Alabama, and comprising a part of Jeb's Seafood House and a part of Reliance Hotel" is a certain description, accurate, contains no latent ambiguity and, therefore, Item 4 of the will means that "All of the rest and residue of the property of the testator is given, devised and bequeathed to his wife, except 416 North 26th Street, which he did not own at the time of his death, and which remainder interest therefore never became effective."

In Higgin v. Tennessee Coal, Iron & R. Co., 183 Ala. 639, 62 So. 774, this court discussed patent and latent ambiguities as follows:

"* * * As was pointed out by Judge Stone in the Ringstaff Case (69 Ala. 140), if the uncertainty of description is a patent ambiguity (that is, one apparent in that it described two or more things or persons), then parol evidence is not admissible to remove the ambiguity; but, if the ambiguity is latent (that is, if the description on its face is certain but is rendered uncertain by proof aliunde), then parol proof is admissible to make the description certain or to remove the ambiguity caused by parol evidence or extrinsic facts. He there shows, however, that there is an intermediate class of cases which partake of the nature of both latent and patent ambiguity (that in other words are from their nature hybrids) and hence are not to be governed strictly by the rules applicable to either latent or patent ambiguity. After defining and stating very clearly the rules as to the two classes, latent and patent, he adds: 'There are cases involving principles which are scarcely referable to either of these heads. They may be styled exceptional shadings of patent ambiguity. They arise when on mere inspection there does appear to be an uncertainty or ambiguity. This frequently grows out of a careless use of language and sometimes results from the many shades of meaning usage and provincial habit accord to the same word or expression. Out of this has grown a seeming modification of the old rule as to patent ambiguity, which Mr. Justice Story has characterized as an intermediate class of cases, partaking of the nature both of latent and patent ambiguity. That learned jurist in Peisch v. Dickson, 1 Mason, 9 Fed. Cas.No. 10,911, says: "In such a case I should think parol evidence might be admitted to show the circumstances under which the contract was made and the subject-matter to which the parties referred." ' * * *"

■ There is no question but that extrinsic or parol evidence may be received to remove latent ambiguities in a will. Cook v. Morton, 254 Ala. 112, 47 So.2d 471; Achelis v. Musgrove, 212 Ala. 47, 101 So. 670; Vandiver v. Vandiver, 115 Ala. 328, 22 So. 154, Annotation 4 A.L.R. 48, 131, 138, 148.

■ The immediate question presented is—does the description contain a latent ambiguity? We think the following from 57 Am.Jur., Wills, § 1077, p. 695, states the law:

"Where the description of the real property devised in a will is inaccurate,

**142**

or there is a latent ambiguity with respect thereto, extrinsic evidence is competent to resolve the ambiguity and identify the property designated. A latent ambiguity, removable by extrinsic evidence, exists not only, it has been said, where the description in the will applies to two or more pieces of property, but also where there is no such property in existence as that described, or the property designated does not belong to the testator."

Of similar effect is 96 C.J.S. Wills § 750.

The concluding clause of the foregoing statement is supported by the case of Patch v. White, 117 U.S. 210, 6 S.Ct. 617, 29 L.Ed. 860, where the devise was land in Washington, D. C., and the will provided: "I bequeath and give to my dearly-beloved brother, Henry Walker, forever, lot numbered six, in square four hundred and three, together with the improvements thereon erected and the appurtenances thereto belonging." The testator did not own Lot 6 in Square 403, but he did own Lot 3 in Square 406. The court held that a latent ambiguity was raised and parol evidence was correctly admitted to show the mistake.

We have permitted or approved parol evidence to explain a latent ambiguity in the description of property in a will in Vandiver v. Vandiver, 115 Ala. 328, 22 So. 154; Howell v. Bennett, 248 Ala. 648, 29 So.2d 128; Curjel v. Ash, 263 Ala. 585, 83 So.2d 293, and other cases there cited.

■ In will cases, the attorney of the testator is not precluded from giving evidence of communications relating to the execution or subject-matter of the will. Hanson v. First National Bank of Birmingham, 217 Ala. 426, 116 So. 127; McElroy, The Law of Evidence in Alabama, § 392, p. 169.

■ Applying these principles to the instant case, we hold that a latent ambiguity was shown in the description when it was evident from the will that the testator in-

tended to dispose of all of his property by the will, and it was shown that the testator did not own the property known as 416 North 26th Street, but did own "a part of Jeb's Seafood House and a part of the Reliance Hotel." Under these circumstances, the admission of parol evidence to clarify the ambiguity was not error and the decree should be affirmed.

In oral argument on April 19, 1960, counsel for appellant raised a question not raised or referred to in her original brief or her reply brief. At that time, no request was made for permission to file an additional brief. On May 11, 1960, appellant filed a petition to file a supplemental brief and the supplemental brief accompanied the petition.

The brief again raises the point first raised on oral argument, but no authority is cited to support the opinions of counsel expressed in the brief. In view of these circumstances, we will not discuss the question raised, although we think the holdings in our cases are contrary to the opinions of counsel for appellant.

*Affirmed.*

LAWSON, STAKELY and COLEMAN, JJ., concur.