# Simmons *v.* Simmons.

*Statutory Real Action in the Nature of Ejectment.*

1. *Construction of will; intention of testator can not be shown by parol.*
In the construction of a will parol proof of the testator's intention is not admissible; but, as aids in arriving at his intention, when not clearly expressed, the state of his property, and other attendant, cognate facts may be shown.

2. *Same; province of court and jury.*—Where parol testimony of attendant, collateral facts is introduced in aid of the construction of a will, whether such testimony is true, is a question for the jury; but if admitted, or when proved and found, the influence of such facts as factors in interpreting the will is a question of law for the determination of the court.

3. *Construction of particular provisions in a will.*—A testator devised to his son L. the west half of the north-east quarter of section 22; and to his grandson G. "all of the south-west quarter of section 15, south of the creek," describing it by boundaries, and supposed to contain thirty-eight acres; and in a subsequent clause of the will he makes this devise: "To my wife B., her life-time, and at her death to my son W., all of section 22 on the south side of the creek, except thirty-eight acres given to my grandson G." No lands in section 22 were devised to G., the only devise to him contained in the will being as above stated. *Held*, in a statutory real action in the nature of ejectment, brought by W. against L. to recover that part of the west half of the north-east quarter of section 22, which lies south of the creek, that, in the absence of evi-

[Simmons v. Simmons.]

dence of the state of the testator's property, or other outside collateral facts, the devise to W. is too obscure to impair the clear language found in the devise to L.; and that a charge given by the primary court, instructing the jury that under the will the plaintiff was entitled to recover the land sued for, is erroneous.

APPEAL from Marengo Circuit Court.

Tried before LUTHER R. SMITH, Esquire, Special Judge.

This was a statutory real action in the nature of ejectment, brought by William T. Simmons against L. Lavender Simmons, to recover that part of the west half of the north-east quarter of section 22, township 17, range 2, "which lies south of Double Creek," or, as described in another count, "which lies on the south side of the creek," in Marengo county. Both parties claimed under the will of Lewis Simmons, deceased, their father, which was probated on 27th March, 1878. It is not shown when the testator died. The provisions of the will bearing on the questions involved are sufficiently stated in the opinion. As shown by the evidence, one Rose, a surveyor, made, at defendant's request, a survey of the west half of the north-east quarter of section 22, in said township and range, in January, 1878, and ascertained that the land in dispute, containing about fifty acres, and lying south of Double Creek, was embraced in that subdivision. On the death of his father, the defendant went into the possession of the land in dispute, claiming under the will, and he continued to hold possession up to the time of the trial. The rental value of the lands was shown. This is the substance of the evidence disclosed by the bill of exceptions. The defendant offered to prove that the testator, during his last illness, in speaking of the disposition made by him of his property, stated that he had devised the lands in controversy to the defendant; but, on objection of the plaintiff, the court refused to allow this proof to be made, and the defendant excepted. The court charged the jury, ex mero motu, in substance, that it was within the province of the court to construe the will read in evidence; that by its last clause the land in controversy was devised to the plaintiff; and that, if they believed the evidence, they must return a verdict for him. To this charge the defendant excepted.

The rulings above noted are here assigned as error.

J. W. BUSH, for appellant, cited Williams v. Crary, 4 Wend. 443; 1 Redf. on Wills, pp. 426, 434, 439, 443–5, 451; Smith v. Bell, 6 Peters, 68; 35 N. Y. 340; Ib. 617; 2 Paige, 122; Crissman v. Crissman, 5 Ired. 498; Walker v. Walker, 17 Ala. 396; Thrasher v. Ingram, 32 Ala. 645; 2 Jar. on Wills, 50; 1 Stew. 512; 2 Stew, 356.

VOL. LXXIII.

[Simmons v. Simmons.]

GEO. G. LYON, *contra*, cited 19 Ala. 640; 26 Ala. 724; 56 Ala. 490; 27 Ala. 307.

STONE, J.—Certain outside facts, it would seem, might have been proved in this case, which would have rendered the construction of the will much more easy and satisfactory. It was not competent to prove the intention of the testator by parol proof. It was competent, however, to prove the state of his property, and any other attendant, cognate facts, as aids in arriving at his intention, when it is not clearly expressed. The truth of these outside, collateral facts, if shown by parol testimony, is for the jury to determine. Their influence, as factors in interpreting the instrument, if admitted, or when proved and found, is for the court. In *Chambers v. Ringstaff*, 69 Ala. 140, we declared the rule in such cases. The presiding judge should instruct the jury to ascertain if certain facts are proved to their satisfaction; and if so proved, the judge informs the jury what the meaning of the writing is. Such facts, so found by the jury, enable the court to determine the proper interpretation of the instrument. The form of such charge is: If you find a certain fact or facts, naming them, are shown to exist, then I instruct you, as matter of law, that the writing means so and so. This preserves to the court its proper function of interpreting writings.

The will, in the present case, very clearly and unmistakably devises to L. L. Simmons the west-half of the north-east quarter of section twenty-two (22). This land is easily located. It subsequently devises to S. M. Grigsby "all of s. w. ¼ of section 15, south of the creek, commencing at Edmond's house, running east to walnut tree, thence to creek, supposed to contain 38 acres." In a later clause in the will is this language: "To my wife, Barbara W. Simmons, her life-time, and at her death to my son, W. T. Simmons, . . all of section 22 on the south side of the creek, except 38 acres given to my grandson S. M. Grigsby." It is known that section 15 adjoins section 22 immediately on the north. It is also known that the south-west quarter of fifteen, and west-half of the north-east quarter of twenty-two do not adjoin. The devise to Grigsby is of lands south of a creek, which must cross section 15, and its course must be somewhat east and west. The devise to W. T. Simmons is also of lands on the south side of a creek. Whether there are two creeks, or whether by meandering the same creek crosses each of the subdivisions, the record does not inform us. The description in each of these two bequests calls for a common designation—south of a creek. The devise to W. T. Simmons contains this rather remarkable error. It gives him, after the death of his mother, all the lands the testator owned

[Jenks v. Terrell, Adm'r.]

in section 22, south of the creek, except 38 acres given to S. M.
Grigsby, when no land in section 22 had been given to S. M.
Grigsby. We have then the case of a clear, unambiguous de-
vise of an accurately described parcel of land to one son—the
description being by Government survey—and a later devise in
the same will to another son, of lands described by boundaries,
which the proof shows takes away more than half the land first
specifically devised. In the first devise, the description gives
no evidence of error. In the last, there is an error of descrip-
tion patent on the face of the will. In 1 Redf. on Wills, 434,
is this language: "A clearly expressed intention in one portion
of the will is not to yield to a doubtful construction in any
other portion of the instrument."—*Corrigan v. Kiernan*, 1
Bradf. Sur. 208; *Smith v. Bell*, 6 Pet. 68.

If there had been proof that Lewis Simmons, the testator,
owned other lands in excess of 38 acres, lying in section 15,
south of the creek, this would have been a strong confirmative
circumstance, tending to show the testator spoke of section 22,
when he meant 15, and would operate as a devise of all of sec-
tion 15, south of the creek, less Grigsby's 38 acres, to W. T.
Simmons. If the testator owned no such excess in section 15, this
would leave the error and ambiguity of the will unexplained.
So, the quantity of land he owned in section 22, its location,
and the number of creeks and places of their crossing, may all
shed light on the intention of the testator. In the absence of
other proof than that shown in this record, we think the devise
to W. T. Simmons is too obscure to impair the clear language
found in the devise to L. L. Simmons.

Reversed and remanded.