# Vandiver *v.* Vandiver.

*Statutory Action of Ejectment.*

1. *Construction of will; when devise not void for uncertainty.*—A devise in a will to a certain person of all of the testator's "upland" is not void for uncertainty; but under such devise whatever "upland" the testator owned, or whatever part of his land he intended to dispose of by describing it as "upland," passes to the devisee under the will.

2. *Same; same; admissibility of declarations of testator to explain latent ambiguity.*—In an action of ejectment, where the plaintiff claims under a devise in a will in ,which the testator devised to her all of his "upland," and there is evidence that the testator had no "upland" strictly so called, but that his lands were "bottom" and "second bottom" or "bench" lands, there is developed a case of latent ambiguity; and, therefore, evidence of the intention of the testator in making the devise is competent; and for the purpose of showing his intention, the declarations of the testator at the time of making the will are admissible in evidence.

3. *Same.*—Where in a will there are unequivocal devises made to certain designated persons, the words in said will: "I want my place rented and divided among the heirs of this my last will and testament," must be taken in connection with the other provisions of the instrument, and can not be so construed as to defeat the unequivocal devises in the will.

4. *Ejectment; admissibility in evidence of plat made by surveyor.* Where in an action of ejectment, the county surveyor testifies that he had surveyed the land sued for, and presents a plat of said land, which he testified was made by himself when making a survey of the lands, and that it was correct, said plat or map is admissible in evidence, even though the opposite party had no notice that such survey was being made; said plat, under such circumstances, not being dependent for its competency as evidence upon the provisions of section 939 of the Code, which provides that a plat made by the county surveyor is presumptive evidence if the opposite party had notice that such survey was to be made.

5. *Same; charge to the jury.*—In an action of ejectment, where the plaintiff claims title under a will devising to her the testator's "upland," where there was evidence tending to show that the lands sued for were those described in the will as "upland," a charge which instructs the jury that the "leading question in this case is what did the testator intend by the word 'upland' in the will where the same appears in the bequest to plaintiff," is not erroneous.

[Vandiver v. Vandiver.]

6. *Liability of administrator de bonis non with the will annexed for rent.*—In an action of ejectment, where the plaintiff claims title under a will, and the will shows title and a right to immediate possession in the plaintiff, a judgment for defendant in a former action of ejectment brought by the plaintiff in the present suit against the executor of the will, for lands claimed to be within the devise, does not constitute color of title against the defendant in the pending suit who holds as administrator *de bonis non* with the will annexed; and such defendant, as administrator *de bonis non* with the will annexed, is not exempt from liability for rent beyond a year under the provisions of section 2706 of the Code of 1886.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. J. A. BILBRO.

The appellee, Jane C. Vandiver, brought the present statutory action of ejectment against one Middlebrooks, suing for lands specifically described in the complaint. The appellant, John H. Vandiver, as the administrator *de bonis non* of the estate of Ambrose F. Vandiver, deceased, was, on his motion, made a party defendant to the suit, as the landlord of Middlebrooks.

It was shown that the plaintiff was the wife of Ambrose F. Vandiver, and lived with him at the time of his death; that he died testate, and that his will had been duly probated. In this will there was contained the following provision: "I give all the upland and thirty acres in the bottom until death to my wife, J. C. Vandiver, and last of all, I hereby constitute and appoint my son, Whitfield Vandiver, to be my executor. I want the place rented out and divided among the heirs of this, my last will and testament." This will was introduced in evidence against the objection and exceptions of the defendant. It was shown that while Whitfield Vandiver, who was named as executor of the will, was in possession of the property of the estate, the plaintiff brought an action of ejectment for the lands in controversy, together with other lands, against him, and recovered a part of the lands sued for, but failed to recover the lands involved in this controversy.

The county surveyor, as a witness for the plaintiff, testified that he, as county surveyor, surveyed the lands sued for and made a plat of it at the time of making the survey, and that he knew the plat to be correct. Thereupon the plaintiff offered the plat in evidence as a diagram of the lands sued for. The defendant objected to

the introduction of the plat in evidence, because it was irrelevant and incompetent evidence, and because the defendant had no notice of the survey, upon which it was based, and from which it was made. The court overruled the objection, allowed the plat to be introduced in evidence, and to this ruling the defendant duly excepted.

A large number of witnesses for plaintiff testified that they were acquainted with the land in controversy, and that in their opinion they were uplands; and some of them testified that deceased had rented them as uplands, and during his lifetime spoke of them as uplands. Some of said witnesses admitted that said lands might be called "second bottom or bench lands."

Plaintiff's witness, Henry Watson, testified that he was one of the witnesses to the will, and was present and saw deceased sign it. This witness was asked by plaintiff "to state what, if anything, deceased said about the lands in controversy at the time he signed the will." To this question the defendant objected, because it was illegal, because it was irrelevant, and sought to enlarge the provisions of the will, because it sought to contradict the will, and because it was incompetent. The court overruled defendant's objections, to which action and ruling of the court the defendant then and there duly and separately excepted. Witness answered that "deceased said at the time of executing the will, and just before he signed it, in answer to a question asked by my father, A. Watson, that he considered all upland to the Wester lease." The defendant moved the court to exclude this answer of said witness, on the several grounds assigned against the said question eliciting said answer. The court overruled said motion of defendant and permitted said answer of said witness to remain with the jury, to which action and ruling of the court the defendant then and there duly excepted.

A. Watson, a witness for the plaintiff, testified to the same facts as did Henry Watson. The plaintiff's evidence showed that the "Wester lease" extended to the line shown by the survey made by the county surveyor.

The defendant testified that the lands sued for were what are known as "second bottom or bench lands," and were not what is known as "uplands." A number of witnesses for the defendant testified to the same fact,

[Vandiver v. Vandiver.]

and that they had known the lands for a long time, and that they were always called "second bottom lands."

Among other instructions given by the court to the jury in its oral charge was the following: (1.) "The leading question in this case is, what did the testator intend by the word uplands in the will, where the same appears in the bequest to the plaintiff."

It is unnecessary to set out in detail the charges given at the request of the plaintiff and those refused to the defendant, to each of the rulings upon which the defendant separately excepted.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

MATTHEWS & WHITESIDE, for appellant.—The plat or survey introduced in evidence was not admissible.—Code of 1886, § 939; *Bridges v. McClendon*, 56 Ala. 327. 2. There was no ambiguity, either latent or patent, in either the subject or object of the devises in the will, and the admission in evidence of the declarations made by the testator at the time of the execution of the will was erroneous. There was not shown a cause which authorized an exception to the general rule that verbal declarations as to what was meant or intended are not admissible in explanation of the writing itself.—1 Greenl. on Evidence, §§ 287, 289; *Webb v. Elyton L. Co.*, 105 Ala. 471; *Meyer Bros. v. Mitchell*, 75 Ala. 475; *Chambers v. Ringstaff*, 69 Ala. 144. 3. The court committed error in the charges given, and in refusing to give the charges requested by the defendant.—*Garrett v. Sewell*, 108 Ala. 521; *Alley v. Daniel*, 75 Ala. 403; 1 Brick. Dig., 337, § 20; Code of 1886, § 2706.

DENSON & BURNETT, *contra.*—1. The devise to the plaintiff of the "upland" owned by the testator was not void for uncertainty. As to what was upland could be made certain by the declarations of the testator at the time of making the will, and by the testimony of other witnesses rendering it certain.—*Driggers v. Cassady*, 71 Ala. 535; *Ellis v. Martin*, 60 Ala. 394; 1 Jarman on Wills, (5th Am. ed.) pp. 644, 699; *Clements v. Pearce*,

63 Ala. 292; *Pollard v. Maddox*, 28 Ala. 321; *Kimbrell v. Rogers*, 90 Ala. 339.

2. This is a word of designation, or identification, and may be explained by parol. The conclusion that a will is too uncertain to be allowed to operate will not be adopted while effect can by any means be given to it. 29 Amer. & Eng. Encyc. of Law, 379; *Winder v. Smith*, 2 Jones (N. C.) 327.

3. The charges given by the court were correct. *Patch v. White*, 6 U. S. Sup. Ct. Rep. 620; s. c. 117 U. S. 210; *Finlay v. King*, 3 Pet. 377; 2 Williams on Legacies, 297; 1 Jarman on Wills, (5th Am. ed.) pp. 648, 739-40-41, and authorities; 1 Amer. & Eng. Encyc. of Law, 536.

4. The defendant in this case did not show himself exempt from liability for the rents beyond the year, under the provisions of section 2706 of the Code of 1886. The defendant in no wise connects himself with the will, nor by succession with the executor of the will, Whitfield Vandiver, hence no color of title could be in him. To have color of title some act must have been done, or some event occurred by which some good or bad title has been conveyed to him.—1 Amer. & Eng. Encyc. of Law, 276, § 33, also note 3. It must, in form, pass what purports to be the title.—1 Amer. & Eng. Encyc. of Law, 285.

McCLELLAN, J.—The devise in the will of A. F. Vandiver, deceased, of all his "upland" to his wife, Jane C. Vandiver, is not void on its face for uncertainty. Whatever upland the testator owned, or whatever of his land it can be shown he had in mind and intended to dispose of by describing it as "upland" passes to Mrs. Vandiver under the will. There being evidence tending to show that he owned no uplands, strictly so called, but that his lands were in part "bottom" lands and for the rest "second bottom or bench" lands, a case of latent ambiguity was developed in attempting to apply his will to the subject-matter with which it dealt; and it was entirely competent to cure this ambiguity by showing that he regarded second bottom or bench lands as uplands, and in that sense employed the term "upland" in his will. Evidence of his declarations at the time of making

[Vandiver v. Vandiver.]

his will was properly admitted for this purpose.—2 Am. & Eng. Encyc. of Law, (2 ed.), p. 294.

The expression in the will: "I want my place rented and divided among the heirs of this my last will and testament," must be taken in connection with all other provisions of the instrument and can not be so interpreted as to defeat the unequivocal devises made by the will. Its meaning, so considered, probably is that the testator desired so much of the place as had not been specially devised to be rented, &c., &c.

The court did not err in admitting in evidence, along with the testimony of the surveyor, the plat of the land surveyed by him. This plat was not offered under section 939 of the Code, nor does it depend upon that section for its competency; but it was well received as a part of and proven by the testimony of the surveyor who surveyed the land and put upon this paper the lines of his survey.

Some of the charges given by the court might have been properly refused, perhaps, because argumentative, but no reversible error was committed in giving any of them.

It may be said that the leading question in all cases which involve the construction or interpretation of a will is "what did the testator intend" by the language he employed; and certainly the leading question in this case was, as stated by the court in its oral charge, what did the testator intend by the word "upland."

The will shows title in the plaintiff and right to immediate possession. It could not possibly, therefore, show color of title in the defendant. Nor was the judgment against this plaintiff in a former action for this land, prosecuted against the executor of the will, color of title in the defendant holding as administrator *de bonis non* with the will annexed. The charges requested by defendant, claiming exemption from liability for rent beyond a year under section 2706 of the Code were properly refused.

The other charges refused to defendant were bad under the views we have expressed as to the meaning and effect of the will.

Affirmed.