(112 So. 222)
**WILSON v. WITT et al. (7 Div. 717.)**

Supreme Court of Alabama. March 24, 1927.

Rehearing Denied April 21, 1927.

**l. Wills** ⬦⧫584—**Certificates of deposit held not "notes" within will bequeathing to wife all personal property except notes and mortgages.**

Negotiable certificates of deposit *held* not to be "notes," within will bequeathing personal property except notes and mortgages to testator's wife and reciting delivery to her of check on depository bank payable at death, where checking deposit was insufficient to pay check and certificates were dated two weeks later than will.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Note (In Commercial Law).]

─────────────────────────
⬦⧫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Wills ⚖➙440 — Interpretation of wills is governed by testator's intention disclosed by language used.**

The interpretation of wills is governed by testator's intention as disclosed in the words of the will.

**3. Wills ⚖➙456—Words of will are to be understood in ordinary sense, unless otherwise indicated by context or circumstances.**

Words used by testator are to be understood in their ordinary sense and according to their primary signification, unless different meaning is indicated by the context or by the circumstances of the case.

**4. Bills and notes ⚖➙42—Interest-bearing certificate of deposit in bank payable to order is "promissory note."**

Certificate of deposit in bank, reciting the deposit payable to order, of a sum bearing interest to a date specified, and providing for 30 days' notice of withdrawal, is in legal effect a promissory note.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Promissory Note.]

**5. Bills and notes ⚖➙42—"Notes" in common parlance do not include certificates of deposit in bank, notwithstanding they are so in law.**

The term "notes" as used in common parlance does not include certificates evidencing deposit of money in bank, which for practical purposes represent money in hand, notwithstanding their legal effect.

**6. Property ⚖➙5½—"Personal property" includes chose in action.**

"Personal property," in common parlance, includes chose in action.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Personal Property.]

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

Bill in equity by C. E. Wilson against H. H. Witt, as executor of the will of J. H. Wilson, deceased, and others. From the decree, complainant appeals. Affirmed.

Merrill, Field & Allen and Willett & Willett, all of Anniston, for appellant.

The certificates of deposit should be classed as promissory notes and be distributed among the children of the testator. Code 1923, § 9202; Renfro Bros. v. M. & M. Bank, 83 Ala. 425, 3 So. 776; Elmore Co. Bank v. Avant, 189 Ala. 418, 66 So. 509; Clayton v. Bank of East Chatta., 204 Ala. 64, 85 So. 271; Id., 206 Ala. 518, 90 So. 899; First Nat. Bank v. Capps, 208 Ala. 235, 94 So. 112. Unless the context shows the clear intent to use them otherwise, technical phrases used in a will are to be construed to have been used in their technical sense. De Bardelaben v. Dickson, 166 Ala. 59, 51 So. 986; City Bank v. McCaa, 213 Ala. 579, 105 So. 669.

Knox, Acker, Sterne & Liles, of Anniston, for appellees.

The very purpose of the construction of a will is to ascertain the intention of the testator as expressed in the will, viewed in the light of the attending circumstances. 28 R. C. L. 173; Castleberry v. Stringer, 176 Ala. 250, 57 So. 849; Smith v. Smith, 157 Ala. 79, 47 So. 220, 25 L. R. A. (N. S.) 1045. When the context of the will shows the testator to have used words in a certain sense, the court should follow this meaning in preference to the technical meaning of the words. Bosley v. Wyatt, 14 How. 390, 14 L. Ed. 468; Wescott v. Binford, 104 Iowa, 645, 74 N. W. 18, 65 Am. St. Rep. 530; Edwards v. Bibb, 43 Ala. 666. The fact that certificates of deposit have been held to be in legal effect promissory notes has no bearing upon the determination of what was the intention of the testator in using these words. Scott v. Nelson, 3 Port. 452, 29 Am. Dec. 266.

BROWN, J. J. H. Wilson died on the 27th day of October, 1925, leaving a will, which he executed on the 11th day of April, 1925. At the time of his death the assets of his estate consisted of cash on deposit in Anniston National Bank, $56; cash in checking account at First National Bank of Anniston, $430.55; cash deposited in the First National Bank of Anniston, evidenced by certificates of deposit, $6,202.66, and certain described real estate, consisting of city and urban and farm property. The $6,202.66 in the First National Bank of Anniston was evidenced by two certificates of deposit, one for $5,202.60 dated April 16, 1925, and the other for $1,000 dated April 27, 1925. It is admitted by the appellee that these certificates were "in the general form shown by Exhibit C to the bill of complaint," to wit:

"First National Bank.

"$———.          Anniston, Ala., ———, 192—.

"——— has deposited in this bank ——— dollars, payable to the order of ——— on return of this certificate properly indorsed ——— months after date with interest at ——— per cent. per annum for the time specified only.

"No. ———.               [Signed].———.

"Thirty days' notice required before withdrawal."

The first paragraph of the will is in the following words:

"I have given to my wife, Laura Lee Wilson, a check on the First National Bank of Anniston, Alabama, for three thousand dollars, payable at my death. It is my will that she shall receive from my estate the said sum of three thousand dollars, to be paid by the collection of said check, or if for any reason the said check should not be collectible, then the said sum of three thousand dollars shall be paid her by my executor out of any property belonging to my estate. I also will to my said wife all other personal property of which I may die

---

⚖➙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

seised and possessed, *except any notes and mortgages that may be payable to me.*"

In the second paragraph are the following directions:

"I direct that my executor hereinafter named shall sell of [off] my real estate for cash, at public or private sale, and that he collect *all notes and mortgages that may be due me,* and after the payment of any debts that I may owe at the time of my death, the proceeds of my real estate and *all of said notes and mortgages* shall be by my executor distributed equally among my children, share and share alike," etc.

After the death of the testator the will was duly admitted to probate, and the bill in this case was filed by C. E. Wilson, one of the legatees, to remove the administration into the circuit court on the equity side, for further administration, and for a construction of the will.

[1] The contention of the complaint is that said certificates of deposit are within the contemplation and meaning of the will, "notes," and were by the exception to the first paragraph of the will, above quoted, excluded from the bequest to Laura Lee Wilson, and reserved subject to the payment of debts, as a part of the residuary estate for distribution \among the children of the testator under paragraph 2 of the will. The circuit court was of opinion that this contention was not sustained, that these certificates were personal property, passing to the widow, and so decreed, and from that decree this appeal is prosecuted.

After due consideration we are of opinion that the decree of the circuit court properly and correctly construed the will and should be affirmed. The agreed statement of facts shows that the certificates of deposit in question were issued after the execution of the will; that the check mentioned in paragraph 1 of the will had not been paid, and that the chose in action and real estate enumerated in paragraph 4 of the answer of Laura Lee Wilson constituted all the assets of the testator's estate at the time of his death. There is but little, if anything, in these extrinsic facts that sheds light on the intention of the testator, in the use of the language:

"I also will to my said wife all other personal property of which I may die seised and possessed, except any notes and mortgages that may be payable to me."

[2] To use the language of one of our early decisions:

"The exposition of wills has always been governed by the intention of the testator. He, not being supposed to be acquainted with legal form and language, a greater latitude of construction is permitted, to leave to every one the power to make his own will in his own way. It is emphatically said, that intention is the polar star in the direction of devises. * * * The words of a will are the means from which to collect the intention; and to arrive at this, the law neither requires nor expects technical words."

Scott v. Nelson, 3 Port. 452, 29 Am. Dec. 266; Castleberry v. Stringer, 176 Ala. 250, 57 So. 849; Ralls v. Johnston, 200 Ala. 178, 75 So. 926.

[3] One of the cardinal rules of construction—the rule of common sense—is that:

"The words used by a testator are to be understood in their ordinary sense, unless a different meaning is indicated by the context, or by the circumstances of the case. The natural sense in which words are used, as it appears from judicial inspection, prevails over punctuation and capitals, and punctuation must give way whenever it interferes with the proper and reasonable construction of a will. If words have a primary and secondary meaning they will be construed according to their primary signification, unless an intention to use them in some other sense manifestly appears. When, however, the primary sense would destroy the sense of the will resort may be had to the secondary meaning." 28 R. C. L. 223, § 184; Baker v. Baker, 182 Ala. 194, 202, 62 So. 284; Gray v. Francis, 139 Va. 350, 124 S. E. 446; Gildersleeve v. Lee, 100 Or. 578, 198 P. 246, 36 A. L. R. 1166.

[4, 5] While our decisions which are in accord with the weight of authority sustain the contention of the appellant that a certificate of deposit, such as are here involved, possesses the essential elements—an acknowledgment of a present debt and a promise to pay—of a promissory note, and are in legal effect such (Renfro v. Merchants' and Mechanics' Bank, 83 Ala. 425, 3 So. 776; Elmore County Bank v. Avant, 189 Ala. 418, 66 So. 509; First National Bank of Abbeville v. Capps, 208 Ala. 235, 94 So. 112; 3 R. C. L. 573, § 202, and authorities cited in note 10) yet, we cannot agree that the term "notes," when used in its primary sense, or in common parlance, the sense in which it was used in the will, embraced certificates evidencing the deposit of money in the bank. "A deposit" in the bank "is a transaction peculiar to the banking business, and one that the courts should recognize and deal with according to commercial usage and understanding" (Elliott v. Capital City State Bank, 128 Iowa, 275, 103 N. W. 777, 1 L. R. A. [N. S.] 1130, 111 Am. St. Rep. 198; Tobias v. Morris, 126 Ala. 535, 28 So. 517, 1 L. R. A. [N. S.] 1130; 3 R. C. L. 573, § 202), and for all practical purposes represents money in hand, "even though it be represented by short-time certificates, bearing interest" (In re Johnston's Estate, 190 Iowa, 679, 180 N. W. 740).

[6] Certainly, in common usage and understanding, a certificate of deposit is not regarded as a promissory note, though in legal effect it is. On the other hand, the term "personal property" in common parlance includes chose in action. Boyd v. Selma, 96 Ala. 144, 11 So. 393, 16 L. R. A. 729; Enzor & McNeill v. Hurt, 76 Ala. 595.

We are therefore of the opinion that the deposit made by the testator, and for which the certificates were issued, was intended to meet the payment of the check for $3,000, and that it was his intention to bequeath to his

wife what remained after paying the check, as personal property.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.