151 So. 869

### WILEY v. MURPHREE.
#### 4 Div. 741.

Supreme Court of Alabama.
Dec. 21, 1933.

Rehearing Denied Jan. 18, 1934.

Steiner, Crum & Weil and Sam Rice Baker, all of Montgomery, for appellant.

Hugh Bradley, of Troy, for appellee.

THOMAS, Justice.

The administration of the estate of testatrix was duly removed from the probate court to the circuit court at the instance of the executor. A bill filed by the executor of said testatrix sought construction of the will, particularly of the fifth and sixth paragraphs thereof.

The decree was based on pleadings and an agreed statement of facts. It was to the effect that the six securities held by testatrix and issued by the board of county commissioners of Madison county, Ala., were and "are warrants"; that "they constitute a part of the remainder of the estate" of testatrix bequeathed by and under paragraph "sixth" of her will; and decreed that they "should

be distributed amongst the heirs of said deceased in accordance with the provisions of paragraph 'sixth' of said "will" of decedent in proportions and to the parties specifically indicated and declared to be entitled thereto.

The question for decision is stated as follows:

"That at the time of her death the said testatrix did own a number of stock(s) and bonds, but that she also owned in addition certain securities issued by the Court of County Commissioners of Madison County, Alabama, and this complainant is unable to say or determine whether they *are bonds*, which he should turn over and deliver to the said Olive Wiley under said paragraph five of the will, or *county warrants* which he should ask to be distributed as residue of the estate under paragraph Sixth of the will. * * * If these securities *are bonds*, then they belong to Olive Wiley under the provisions of said fifth paragraph of the will set out above, and it is the duty of this executor to deliver them to her; but if on the other hand they *are warrants*, then they are part of the residuary estate of testatrix, and are to be distributed and disposed of as provided by paragraph Sixth of the will. * *

"Orator avers that the devisee in the will, said Respondent, Olive Wiley, claims that said securities *are bonds* and has made known her claims to me as Executor, while the remaining respondents in this cause claim that they *are warrants* of the County Commissioners, or Court of County Commissioners of Madison County, Alabama, and that they *are not bonds, but they should be distributed along with the residue of the estate* after disposing of the specific bequests, and this claim they have made to me as Executor of the estate." [Italics supplied.]

■ The intent of testatrix in using the words "and bonds" in the fifth paragraph of her will is the predominant question, and will prevail over any technical construction that may be given, unless the instrument and property to be considered, circumstances, and relevant facts show the technical meaning intended by testatrix.

■■ It is a judicial axiom that a testator's intention, if legal, is the pole star to guide a court in the construction of wills. Ralls v. Johnson, 200 Ala. 178, 75 So. 926. In a proper case of latent ambiguity, to determine that intention, courts will, not only look to the words of the will itself, but as far as possible determine from the evidence, or as nearly as may be done in the light of the whole record disclosing the circumstances of the testator, and put the court in the place of the testator, in order that there be a due consideration of the instrument as to how testator intended the properties devised or bequeathed to the several objects of

bounty, or denied to those bearing relation that come within the purview of testator's bounty. From such a position so advantaged courts may read and expound the will in accord with a testator's true intention. Myrick v. Williamson, 190 Ala. 485, 67 So. 273; Steele v. Crute, 208 Ala. 2, 93 So. 694; 28 Alabama and Southern Digests, Wills, page 225, ⊄441.

In Simmons v. Simmons, 73 Ala. 235, 237, Mr. Justice Stone makes the following observation: "Certain outside facts, it would seem, might have been proved in this case, which would have rendered the construction of the will much more easy and satisfactory. It was not competent to prove the intention of the testator by parol proof. It was competent, however, to prove the state of his property, and any other attendant, cognate facts, as aids in arriving at his intention, when it is not clearly expressed. The truth of these outside, collateral facts, if shown by parol testimony, is for the jury to determine. Their influence, as factors in interpreting the instrument, if admitted, when proved and found, is for the court. In Chambers v. Ringstaff, 69 Ala. 140, we declared the rule in such cases." This rule has been followed in the later cases. Rutland v. Emanuel, 202 Ala. 269, 272, 80 So. 107; Fowlkes v. Clay, 205 Ala. 523, 88 So. 651; Achelis v. Musgrove, 212 Ala. 47, 101 So. 670; Castleberry v. Stringer, 176 Ala. 250, 255, 57 So. 849.

■ It is generally true that words employed in a will are to be taken in their primary or ordinary sense and use, unless a different meaning is indicated by the context and circumstances of the case that may be considered under the exception to the general rule to give the words and expressions employed the meaning intended and placed thereon by the testator in the context in which they are employed and used. Wilson v. Witt, 215 Ala. 685, 687, 112 So. 222, 52 A. L. R. 1095; Gunter v. Townsend, 202 Ala. 160, 165, 166, 79 So. 644; Montgomery v. Wilson, 189 Ala. 209, 66 So. 503; Edwards and Wife, Ex'rs, v. Bibb, 43 Ala. 666.

■ It is further established that, when a testamentary instrument presents an ambiguity or "seeming conflict" (Cox v. Hale, 217 Ala. 46, 48, 114 So. 465), or exceptional shading of ambiguity within the rule of Chambers v. Ringstaff, 69 Ala. 140, the court must construe such instrument in accordance with testator's intent in the matter, aided by parol evidence within the rule. McMillan v. Aiken, 205 Ala. 35, 40, 44, 88 So. 135; Mobile County v. Linch, 198 Ala. 57, 61, 73 So. 423; Karter v. East, 220 Ala. 511, 125 So. 655; Martin v. Baines, 217 Ala. 327, 116 So. 341; Doe ex dem. Slaughter v. Roe ex dem. W. M. Carney Mill Co., 221 Ala. 121, 127 So. 671; Higgin v. Tennessee Coal, Iron & R. Co., 183 Ala. 639, 640, 641, 62 So. 774;

Vandiver v. Vandiver, 115 Ala. 328, 22 So. 154; Pieme v. Arata, 202 Ala. 427, 80 So. 811; Russell v. Garrett, 208 Ala. 92, 93 So. 711; Travis v. Morrison & Wife, 28 Ala. 494; Simmons v. Simmons, 73 Ala. 235, 237; Peisch v. Dickson, 1 Mason, 9, Fed. Cas. No. 10911.

■ We agree that there is such ambiguity of kind, character, and peculiar "shading" within the rule of parol evidence in determining the intent of the testator (Chambers v. Ringstaff, 69 Ala. 140, 144; Martin v. Baines, 217 Ala. 326, 116 So. 341; 68 A. L. R. 5, 6, 11) which warranted the admission of the evidence before us, and as presented by the pleadings and exhibits thereto, and as shown by the agreed statement of facts. This evidence, documentary and parol, is a valuable aid in determining what testatrix meant by the use of the words "stocks and bonds," as employed in the fifth paragraph of her will.

In Hanson v. First Nat. Bank of Birmingham, 217 Ala. 426, 116 So. 127, the material circumstances and attendant facts were shown in determining the meaning of the word "securities," and whether testator intended to include and bequeath "stocks" by the use of the term "securities." The court admitted parol evidence of testator's own explanation of intention, and the bequest · of securities was held to include "stocks" in corporations. And in Achelis v. Musgrove, 212 Ala. 47, 101 So. 670, the purpose of parol evidence was to reveal the true intent of the testator in case of ambiguity, as to what was devised as testator's home place and lands lying contiguous thereto. Rice v. Park, 223 Ala. 317, 320, 135 So. 472, and authorities; Simmons v. Simmons, supra; Summers v. Summers, 198 Ala. 30, 33, 73 So. 401, L. R. A. 1917C, 597; 28 R. C. L. 270, § 244; Vandiver v. Vandiver, 115 Ala. 328, 22 So. 154; Wilson v. Witt et al., 215 Ala. 685, 112 So. 222, 52 A. L. R. 1095.

■■ It is well suggested by appellants' counsel that the ways in which a latent ambiguity, within the rules, may arise are: (a) *In identification of the beneficiary. or object of testamentary bounty, or* (b) *in the identification of or application to the property or subject matter so devised or bequeathed.* Hanson v. First Nat. Bank of Birmingham, 217 Ala. 426, 116 So. 127. The latent ambiguity presented by the instant appeal consists in the terms employed as to the subject-matter of the bequest and presented for construction. Here the ambiguity is not patent from the language employed in the will to the instruments in question in their ordinary meaning. The ambiguity is then *latent,* and arises from the fact that the instruments are commonly called warrants and from the technical meaning of the word bonds as used in our Constitution; that is, the question of whether the word was used

in the general or special sense by the testator, and presents a latent ambiguity warranting the admission of parol evidence. Achelis v. Musgrove, 212 Ala. 47, 101 So. 670: 2 Page on Wills, § 1421; Edwards and Wife. Ex'rs, v. Bibb et al., 43 Ala. 666.

■ The agreed statement of facts shows that testatrix acquired the evidences of Madison county's debt held by her; that they were purchased and transmitted to her as "bonds," and that thereafter she listed or scheduled them as bonds. We hold, under this record and agreed facts, that testatrix did not intend to use the word "bonds" in a technical sense, even though the will was drawn by a skilled attorney. It is not shown that the scrivener was fully acquainted with the exact or technical character or nature of these county securities, or that it was explained by the scrivener to testatrix that in a strict or technical sense these securities were called county interest-bearing warrants rather than bonds.

The owner of these instruments had the right of action against the county on default of payment, though the instruments are called warrants by the county authorities who issued them. However, they are *once* called bonds in the face of the instruments themselves; are signed by the county through the chairman and secretary of the board of county commissioners under the corporate seal of the county, and the authority of such officials to that end is shown by extracts from the minutes of that county board and by the agreed statement of facts. Upon the face of the instruments, they were purchased by her as "warrants" or "bonds"; they were transmitted to her by her agent as Madison county jail bonds, and treated thereafter by testatrix as bonds.

The mere fact, incorporated in the agreed statement of facts, that the will was "drawn by a skilled attorney" (Castleberry v. Stringer, 176 Ala. 250, 57 So. 849; Montgomery v. Wilson, 189 Ala. 209, 66 So. 503), will not prevail (as against the other evidence to the contrary) to carry the bequest by the residuary clause to the children and grandchildren named, rather than by and . under the fifth clause by which is bequeathed to the daughter named all of the "stocks and bonds" that testatrix had at the "time of her death," when the other facts incorporated in the agreed statement of facts show the "bonds," as they were called, were purchased by Mr. Murphree of Huntsville for testatrix; were immediately transmitted .to her as bonds, and that she placed great trust and confidence in Mr. Murphree which continued to and at the time of the making of the will, for he is named as the sole executor without bond. The several sections of the will show that the beneficiary under the fifth section was the object of a special care and provision and confidence—the giving of a place

of residence, the home and its furnishings, and a fund for its maintenance.

The construction now placed upon the fifth section of testatrix' will is more natural and more in accord with that exhibited solicitude and provision shown by the other provisions to which we have adverted. It follows in logical sequence as natural and personal provisions for protection, comfort, and for maintenance of the home for and by this daughter as beneficiary, and the power of its disposition given.

The decree of the circuit court is not in accord with the construction we have given the will, and it is therefore reversed, and the cause is remanded.

Reversed and remanded.

BROWN and KNIGHT, JJ., concur.

ANDERSON, Chief Justice (concurring).

I concur in the conclusion and result as I think the Madison county securities are bonds under the general definition of same. True, this court has drawn a technical distinction between county bonds, the issuance of which is regulated by the Constitution, and other evidences of indebtedness by the counties, yet instruments in question are unquestionably bonds. "A bond is an obligation in writing and under seal, binding the obligor to pay a sum of money to the obligee." Gutta Percha & Rubber Mfg. Co. v. City of Attalla (Ala. Sup.) 39 So. 719.